EVELYN WELLS, Appellant, v. BANK OF NEVADA, as Administrator With Will Annexed of the Estate of JOE WESLEY WELLS, aka JOSEPH W. WELLS, Respondent.

No. 6423

March 30, 1971                          483 P.2d 205

*Taylor H. Wines,* of Las Vegas, for Appellant.

*C. W. Lynn* and *James E. Ordowski,* of Las Vegas, for Respondent.

# OPINION

By the Court, MOWBRAY, J.:

This appeal is from a summary judgment for the Bank of Nevada, administrator with will annexed of the estate of Joe Wesley Wells, and against Evelyn Wells, resulting from the latter's action to recover a $64,000 alimony claim against the estate. The claim has never been rejected or allowed by the administrator as provided in NRS 147.110,[1] but the district judge ruled that it was "deemed rejected" because of the administrator's inaction and that it was barred by the claimant's failure to file suit within the 30-day period specified in the special statute of limitations. NRS 147.130, subsection 1.[2] We reverse, and we remand the case to the district court for a trial on the merits.

---

[1]NRS 147.110:

"1.  Within 15 days after the time for filing claims has expired, as provided in this chapter, the executor or administrator shall examine all claims filed and shall either endorse on each claim his allowance or rejection, with the day and the year thereof, or shall file a notice of allowance or rejection with the date and year thereof, and such notice of allowance or rejection shall be attached to the claim allowed or rejected.

"2.  Within 5 days after the 15 days specified in subsection 1, the executor or administrator shall present all claims allowed by him to the district judge for his approval or rejection.

"3.  If an executor or administrator shall refuse or neglect to endorse on a claim his allowance or rejection within 15 days, as specified in this section, or shall not file a notice of allowance or rejection, the claim shall be deemed rejected, but the executor or administrator may, nevertheless, allow the claim at any time before the filing of the final account."

[2]NRS 147.130, subsection 1:

"1.  When a claim is rejected by the executor or administrator or the district judge, in whole or in part, the holder shall be immediately notified by the executor or administrator, and the holder must bring suit in the proper court against the executor or administrator within 30 days after such notice, whether the claim is due or not; otherwise the claim shall be forever barred. If the holder of a claim resides out of the county, he may be informed of the rejection of his claim by written notice forwarded to his post office address by registered or certified mail."

1. *The Facts.*

Joe Wesley Wells agreed in 1944 to pay Evelyn Wells alimony at the rate of $200 a month, which he did pay until his death in 1967. Within the 3-month period permitted by NRS 147.040,[3] Evelyn filed in the estate proceedings a creditor's claim based on future payments that Evelyn alleged might become due under the alimony support agreement. The claim has never been allowed or rejected by the administrator.[4]

In March 1970, Evelyn commenced this action in district court for recovery on the claim. The administrator answered and then moved for summary judgment on the grounds that (1) the claim was deemed rejected because the administrator had not acted upon it within 15 days after the time for filing creditor claims had expired, as provided in NRS 147.110, subsection 1, *supra,* and (2) the claim was barred because Evelyn failed to file her action in district court within 30 days after rejection, as prescribed in NRS 147.130, *supra.*

2. *The 30-day Special Statute of Limitations.*

The narrow issue presented for our consideration is whether nonaction by a personal representative in an estate proceeding is sufficient to trigger the running of the 30-day period in which a creditor must commence an action in the district court to recover on his claim. The administrator's argument is predicated upon its interpretation of subsection 3 of NRS 147.110, *supra:* namely, that if the personal representative fails to act on the claim within the 15-day period, the claim "shall be deemed rejected," and the failure to act triggers the running of the 30-day statute, even though the same subsection of the statute provides that the personal representative "may, nevertheless, allow the claim at any time before the filing of the final account."

We do not agree with the respondent's interpretation. The

---

[3]NRS 147.040:

"1. All persons having claims against the deceased must, within 3 months after the first publication of the notice specified in NRS 147.-010, file the same, with the necessary vouchers, with the clerk of the court, who shall file and register each claim.

"2. If a claim be not filed with the clerk within 3 months after the first publication of the notice, it shall be forever barred; but when it shall be made to appear by the affidavit of the claimant, or by other proof, that he had no notice as provided in this chapter, to the satisfaction of the court or judge, it may be filed at any time before the filing of the final account."

[4]The present administrator, Bank of Nevada, has been substituted in these proceedings for the prior court-appointed administrator.

"deemed rejection" statute is directed primarily to the conduct of the estate's personal representative, rather than to any duty on the part of the creditor.[5] The statute merely provides that if the administrator or executor does not act on the claim within the 15-day period, the claim shall be deemed rejected and the creditor may, thereafter, commence an action to recover the claim in district court, provided it is not barred by the general statute of limitations. NRS 147.090.[6] He need not, however, bring the action within 30 days. To rule otherwise would emasculate the notice provisions of NRS 147.130, *supra,* which specify that the 30-day special statute shall commence to run *when the claim has been rejected* by the personal representative *and notice of the rejection has been given* to the creditor.

Since the administrator has never rejected the claim, as prescribed by the statute, the order for summary judgment was improvidently granted. It is therefore reversed, and the case is remanded to the district court for trial.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

[5]To rule to the contrary would mean that every creditor would be duty bound to commence an action in district court within 45 days after the time for filing claims had expired, if the personal representative had not acted on the claim within the 15-day period; this would entail additional litigation and costs to the estate.

[6]NRS 147.090:

"No claim which is barred by the statute of limitations shall be allowed or approved by the executor or administrator, or by the judge. When a claim is presented to a judge for his allowance or approval, he may, in his discretion, examine the claimant and others on oath and hear any legal evidence touching the validity of the claim. No claim, which has been allowed, is affected by the statute of limitations, pending the administration of the estate."