WILFRED P. BROWN and MARY E. BROWN, Appellants, v. SHARON LYNN MACKIE EIGUREN and NED TURNER, Co-Administrators of the Estate of JOE MACKIE, Deceased, Respondents.

No. 11914

May 19, 1981                                    628 P.2d 299

*Guild, Hagen & Clark, Ltd.,* and *C. David Russell,* Reno, for Appellants.

*Erickson, Thorpe, Swainston & Cobb, Ltd.,* Reno, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

The question confronting us is whether the trial court erred in granting summary judgment in favor of respondents-co-administrators upon the ground that the general statute of limitations had run. We conclude that the statute had not run and reverse.

This case involved a wrongful death action brought by plaintiffs-appellants, Wilfred P. Brown and Mary E. Brown, husband and wife, against the estate of Mackie, defendant-respondent, with reference to their son, Richard P. Brown, and grandson, Bradley P. Brown.

On December 22, 1974, an aircraft piloted by Joe Thomas Mackie, a resident of Humboldt County, Nevada, crashed in California resulting in the death of Mackie, Richard Brown, Bradley Brown, and others. On January 27, 1975, Sharon Lynn Mackie Eiguren was appointed Administratrix of the estate of Joe Mackie in Humboldt County. On that same date, the notice to creditors was filed and publication thereof commenced on February 5, 1975.

On March 14, 1975, Ned Turner, by district court order, was appointed co-administrator of the estate. Thereafter, on May 5, 1975, a creditor's claim was filed on behalf of appellants,

which was neither allowed nor rejected until March 8, 1978, at which time it was formally rejected.

On May 3, 1978, the Browns commenced the instant action and on August 7, 1978, the administrators of Mackie's estate filed a motion to dismiss claiming that the statute of limitations (NRS 11.190(4)(e) and 11.310) had run. The district court, in granting the motion, treated it as one for summary judgment.

In California, a wrongful death action must be filed within one year (Cal. Civ. Pro. § 340.3), differing from the two year period in Nevada (NRS 11.190(4)(e)). Both California and Nevada have statutes that provide that if the general statute of limitation has not run, even though the person against whom the action may be brought dies, "an action may be commenced against his representatives [Nev. 'executors or administrators'] after the expiration of that time within one [1] year of the issuing of letters testamentary or of administration." Cal. Civ. Pro. § 353; NRS 11.310(2). Absent a tolling of the limitation period or an estoppel, under the limitation period in either state, this case would be untimely.[1]

Appellants in this case timely filed their claim with the clerk of the court in which the probate action was pending within 90 days after the publication of the notice to creditors. NRS 147.040(1). However, the administrators of respondent estate failed to act on the claim for approximately three years, contrary to NRS 147.110(3), and now assert that appellant's action is barred by the failure to timely commence an action.

We reject respondent's assertion that because NRS 147.110(3) provides that if the estate's representatives fail to act on a claim within 15 days, that the claim is deemed rejected, and that the running of the one year limitation period was tolled only for those 15 days, if at all. As we stated in a similar context in Wells v. Bank of Nevada, 87 Nev. 145, 148, 483 P.2d 205, 207 (1971),

> The deemed rejection statute is directed primarily to the conduct of the estate's personal representative, rather than to any duty on the part of the creditor. The statute merely provides that if the administrator or executor does not act on the claim within the 15-day period the claim shall be deemed rejected and the creditor *may,* thereafter, commence an action to recover the claim in district court, provided it is not barred by the general statute of limitations . . . He need not, however, bring the action within 30 days.

---

[1] Although our decision is unaffected by the length of either states' general statute of limitation, we conclude that California's statute is controlling. Alberding v. Brunzell, 601 F.2d 474, 476 (9th Cir. 1979); NRS 11.020.

> To rule otherwise would emasculate the notice provisions of NRS 147.130 . . . which specify that the . . . special statute shall commence to run when the claim has been rejected by the personal representative and notice of the rejection has been given to the creditor.

(Emphasis added.) We noted that to rule otherwise, would mean that every creditor or claimant would be duty bound to commence an action in district court within a set period after the time for filing claims had expired if the personal representative had not acted upon the claim entailing additional litigation and costs to the estate. *Id.*

Although no disablement or legal impediment appears from the record, and appellants could have filed their wrongful death complaint at any time during the period set forth in NRS 11.310(2) or at any time after their estate claim may have been "deemed rejected" under NRS 147.110(3); *cf* 147.130(1), we believe that it was the purpose of the legislature to afford to creditor claimants who comply with the claim statute, protection against the general statute of limitations. Here, appellants were not notified of the claim's rejection as required by NRS 147.130(1). The time within which the claimant must file his complaint only begins to run on the date when the executor notifies the claimant of the rejection. We find nothing in our statutes expressly setting forth a special statute of limitations that would bar this suit. Additionally, appellants complied with the statutory requirement by commencing suit within 60 days after notice of rejection. NRS 147.130(1).

We perceive no practical distinction between the case before us and *Wells,* and hold that the time within which an action must be commenced does not begin to run until the claim has been actually rejected; that inaction of the estate's representative operates to toll the running of the general statute of limitations, provided the claim is filed within the 90 days required by NRS 147.040(1) and prior to that time the action is not already barred by the running of the applicable limitation period. NRS 147.090.[2] To hold otherwise would result in additional litigation, inconvenience and costs to the estate. Moreover, if the statute of limitations were to continue to run during the pendency of the claim until after its rejection, the claim could be defeated as a result of inaction. In re Estate of Feinberg, 223 N.E.2d 780 (N.Y. 1966). This would be unjust.

---

[2]Nevertheless, we express no opinion relative to the result in future cases, should an estate's representative fail to affirmatively plead the statute of limitations or laches as a defense. *See* NRCP 8 (c).

The order granting summary judgment was erroneously entered. We reverse and remand for trial.

GUNDERSON, C. J., and BATJER, SPRINGER, and MOWBRAY, JJ., concur.