GENERAL SCIENTIFIC LABORATORIES, INC., Appel-
lant, *v.* C. M. BRIMER and JOHN QUIRK, Co-Execu-
tors of the Estate of J. W. Von Brimer and the
ESTATE OF J. W. VON BRIMER, Respondents.

No. 12809

January 28, 1982                    639 P.2d 1174

*Johnson, Pilkington & Reynolds,* Las Vegas, for Appellant.

*Foley Brothers,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in favor of
respondents. The district court determined that an action by
General Scientific Laboratories, Inc., (GSL) against the Von
Brimer estate was barred by the statute of limitations.

The following chronology is helpful in understanding this
case: On March 26, 1971, J. W. Von Brimer died. On July 30,
1971, the deceased's will was admitted to probate. On Novem-
ber 18, 1971, a notice to creditors was filed and posted, but not
published. On December 15, 1971, GSL filed a creditor's claim.
The claim filed on this date was, as such, never rejected; and
nothing further which was material to this case occurred until
January 28, 1979, when an amended notice to creditors was
published. On April 5, 1979, GSL filed eleven creditor's claims.
Ten of the claims were new, and one was a restatement of the

claim filed December 15, 1971. Shortly thereafter the estate's executors rejected all GSL claims, and GSL filed suit on the eleven creditor's claims. The trial court ruled that all claims were barred by the statute of limitations.

We cannot agree with the trial court's determination. The question concerning the 1971 claim was answered in Brown v. Eiguren, 97 Nev. 251, 628 P.2d 299 (1981). We there held that filing a creditor's claim with the estate tolls the running of the statute of limitations until the claim has been rejected so long as the claim was filed within the 90 days required by NRS 147.040(1) and prior to the running of the general limitation period.[1] Since GSL complied with these prerequisites for the estate claim of December 15, 1971, the action on that claim is not barred by the statute of limitations. The trial court therefore erred in dismissing this portion of the law suit. We are, however, unable to determine from the record when the other ten claims for relief accrued; we thus do not decide whether they are barred by the statute of limitations.[2]

The judgment dismissing the action based on the 1971 claim is reversed and remanded for further proceedings. The matter of the other ten claims is remanded to the trial court to determine when each accrued for purposes of the statute of limitations.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[3] concur.

---

[1]NRS 147.090 provides as follows:

NRS 147.090 Effect of statute of limitations. No claim which is barred by the statute of limitations shall be allowed or approved by the executor or administrator, or by the judge. When a claim is presented to a judge for his allowance or approval, he may, in his discretion, examine the claimant and others on oath and hear any legal evidence touching the validity of the claim. No claim, which has been allowed, is affected by the statute of limitations, pending the administration of the estate.

[2]Notice to creditors was first published on January 28, 1979. The eleven claims filed on April 5, 1979, were, then, properly filed "within 90 days after the first publication" as required by NRS 147.040.

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER, Nev. Const., art. 6, § 19; SCR 10.